UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| United States of America | |
| v. | Crim. Action No. 2:18–cr–116-2 |
| Gregory Paradis | |

**REPORT AND RECOMMENDATION**
(Docs. 61, 63)

Gregory Paradis, proceeding *pro se*, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence following his conviction for conspiracy to distribute buprenorphine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C). (Doc. 61.) On August 4, 2019, Paradis was sentenced to a fifteen-month term of imprisonment, concurrent to an undischarged state sentence, and a three-year term of supervised release. (Doc. 52.) Paradis now seeks an order vacating his sentence, reversing his conviction, and applying all credit for time served toward his aggregate maximum sentence in the State of Vermont. (Doc. 61 at 1–2.)

Presently before the Court is the government's Motion to Dismiss Paradis's § 2255 Motion, as supplemented by its Amended Opposition. (Docs. 63, 69.) For the reasons explained below, I recommend that the government's Motion to Dismiss be GRANTED and that the § 2255 Motion be DENIED.

**Background**

In October 2018, a federal grand jury returned an indictment charging Paradis with conspiracy to distribute buprenorphine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). Following issuance of a writ of habeas corpus ad prosequendum, Paradis made his initial appearance in this Court and was ordered detained. In April 2019, Paradis pleaded guilty,

without a plea agreement, to count one of the indictment.  (*See* CMECF Entry 35; Doc. 50 at 1; Doc. 52 at 1.)

According to the records of this Court, on August 6, 2019, Paradis was sentenced to fifteen months' imprisonment, concurrent to his undischarged state sentence.  (Doc. 52 at 1–2.)  Paradis finished serving his federal sentence on August 29, 2020 but remained incarcerated to continue serving his state sentence.  (*See* Doc. 69 at 2; Doc. 61-4 at 2.)  Paradis was released from incarceration and placed on furlough supervision on June 22, 2021 and paroled on August 5, 2022.  (Doc. 69 at 2–3.)  He is currently serving a three-year term of federal supervised release, with a completion date of August 24, 2025.

Paradis contends that his sentence should be vacated and his conviction reversed because "[t]he Federal Government lacks general jurisdiction over the place where [the] alleged crime occurred[,]" given that "[t]he State of Vermont is not a territory belonging to the Federal Government."  (Doc. 61 at 6; *see id.* at 16.)  Paradis further claims that this Court lacked subject matter jurisdiction under 18 U.S.C. § 3231[1] because Northern State Correctional Facility (NSCF)—the place where he was imprisoned and the location of the conduct that was the basis of the Indictment[2]—is "outside the territorial places under the concurrent or exclusive jurisdiction of the Federal Government."  (*Id.* at 7.)  Additionally, Paradis asserts that the statute under which he was convicted "fails to state a crime against the United States (*id.* at 11); "[t]he statute under which [he] was indicted does not mention the essential element of territorial

---

[1] Under 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

[2] Paradis was convicted of conspiring with Corrections Officer Grant Vance to distribute buprenorphine within NSCF, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).  (Doc. 50 at 2.)

jurisdiction" (*id.* at 12); and "[t]he Controlled Substances Act does not make it a crime to transport drugs through interstate commerce" (*id.* at 14).

The government asserts that the § 2255 Motion should be denied because it is untimely and its substantive claims are without merit. (Doc. 69.)

<u>Analysis</u>

I.      **Legal Standards Governing § 2255 Motions**

Under 28 U.S.C. § 2255(a), a federal prisoner who is in custody may request that the sentencing court vacate, set aside, or correct the sentence if it "was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (internal quotation marks omitted). "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks omitted); *see United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) ("[Section] 2255 review is narrowly limited in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." (internal quotation marks omitted)). The petitioner bears the burden of demonstrating his entitlement to relief under § 2255. *Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995).

## II.    "In Custody" Requirement

Relief under § 2255 is limited to federal prisoners who are "in custody." 28 U.S.C. § 2255(a). A prisoner need not be physically confined in order to collaterally challenge his sentence. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). The phrase "in custody" has been interpreted "to include individuals who, at the time of the filing of [a habeas] petition, were on parole, supervised release, and bail." *Valdez v. Hulihan*, 640 F. Supp. 2d 514, 515 (S.D.N.Y. Aug. 5, 2009) (citations omitted); *Scanio v. United* States, 37 F.3d 858, 860 (2d Cir. 1994) (explaining that "a petitioner under supervised release may be considered 'in custody'" for purposes of § 2255); *see also Ojo v. I.N.S.*, 106 F.3d 680, 681 n.2 (5th Cir. 1997) ("Although Ojo has completed his prison term, he is within his three-year term of supervised release and thus remains 'in custody' for purposes of habeas relief."); *Byrd v. United States*, Case No. 3:17-cv-514-J-32JRK, 3:89-cr-148-J-32JRK, 2019 WL 5213309, at *3 (M.D. Fla. Oct. 16, 2019) ("A person subject to a term of supervised release is 'in custody' within the meaning of § 2255(a)."). In deciding whether an individual seeking habeas relief meets the "in custody" requirement of § 2255, the court considers the prisoner's status "at the time his petition [wa]s filed." *Maleng*, 490 U.S. at 490–91.

When Paradis filed his § 2255 Motion in May 2021, he was no longer serving the incarcerative portion of his federal sentence. He was, however, serving his state prison sentence and awaiting commencement of his term of federal supervised release. *See* 18 U.S.C. § 3624(e) ("A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."). Although Paradis was no longer serving the incarcerative portion of his federal sentence when he filed his § 2255 Motion, he was "in

custody" because he was subject to an undischarged term of federal supervised release. *See Byrd*, 2019 WL 5213309, at *3. He is also currently on federal supervised release. Therefore, Paradis is "in custody" for purposes of this § 2255 Motion.[3]

### III.    Statute of Limitations

####    A.    Paradis did not file his Motion within the one-year limitations period.

Under 28 U.S.C. § 2255(f), the one-year limitations period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Paradis does not assert that government action prevented the timely filing of his § 2255 Motion. Nor does he assert a claim of a newly recognized right that has been made retroactively applicable to claims on collateral review. Therefore, § 2255(f)(2) and (3) do not apply. Subsection (f)(4) also does not apply, as Paradis does not claim that he discovered new facts supporting his claims that trigger a later date for the running of the limitations period. Consequently, § 2255(f)(1) provides the applicable limitations period. Paradis was required to file his habeas motion within one year from the date that his judgment of conviction became final. *See* § 2255(f)(1).

---

[3] The government acknowledges that "Paradis appears to be 'in custody' for purposes of § 2255." (Doc. 69 at 4.)

Paradis did not appeal after judgment was entered in the criminal case. "[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). As relevant here, a criminal defendant must file his appeal "within 14 days after . . . the entry of . . . the judgment." Fed. R. App. P. 4(b)(1)(A)(i). As judgment was entered against Paradis on August 6, 2019, he was required to file his appeal by August 20, 2019. In order to bring a timely collateral challenge, Paradis was required to file his habeas Motion by August 20, 2020.[4] *See* 28 U.S.C. § 2255(f)(1). Paradis did not file his § 2255 Motion until May 7, 2021,[5] which is over eight months after expiration of the statute of limitations. Paradis's Motion is therefore barred by the statute of limitations.

**B.      The limitations period should not be equitably tolled.**

The limitations period of § 2255(f) is non-jurisdictional and subject to equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). The Second Circuit has established a "high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011). A petitioner must also "demonstrate a causal relationship between the extraordinary

---

[4] The government asserts that the one-year limitations period expired on November 3, 2020 (Doc. 69 at 4), which is almost fifteen months after the date Paradis's conviction became final. The Court finds that the limitations period expired on August 20, 2020, one year after the conviction became final on August 20, 2019.

[5] Under the prison mailbox rule, an incarcerated self-represented litigant's document is deemed filed at the time it was delivered to prison authorities for forwarding to the court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). If it is unclear when an incarcerated self-represented litigant's document was mailed, the court will assume it is filed "on the day it is signed and dated." *United States v. Newton*, No. 5:11–cr–50–1, 2014 WL 348195, at *5 (D. Vt. Jan. 31, 2014). Even applying the prison mailbox rule to deem Paradis's Motion filed on May 2, 2021 (the date he signed and dated the Motion), the Motion was filed well after the one-year statute of limitations expired on August 20, 2020.

6

circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). This demonstration cannot be made "if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* Furthermore, "the proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with [the] limitations period." *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008). Equitable tolling "applies only in the rare and exceptional circumstance." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks omitted).

Paradis offers no information demonstrating that he has been pursuing his rights diligently, or that some extraordinary circumstance prevented timely filing of his Motion. *See McKeithan v. United States*, Nos. 16-cv-04866 (JMA), 13-cr-00318 (JMA)(ARL), 2021 WL 5866512, at *3 (E.D.N.Y. Dec. 9, 2021) ("Petitioner did not seek an appeal[,] nor is there any suggestion that he engaged in some form of due diligence that impeded his efforts to timely file his 2255 motion. There appears to be no reasonable basis for the delay and certainly no rare circumstances meriting an equitable tolling.").

Therefore, equitable tolling does not excuse Paradis's untimely Motion.

### C. Paradis's challenge to subject matter jurisdiction is not exempt from the one-year limitations period.

Paradis asserts that his Motion should be deemed timely because "there is no time limit for filing actual innocence and lack of jurisdiction claims." (Doc. 61 at 2, 6–7.)

Paradis is correct that "subject[ ]matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived," and thus "defects in subject[ ]matter jurisdiction require correction regardless of whether the error was raised in district court."

7

*United States v. Cotton*, 535 U.S. 625, 630 (2002). However, Paradis is contesting the district court's jurisdiction over his underlying criminal case, not whether the Court may exercise jurisdiction over his § 2255 Motion. The one-year statute of limitations applicable to § 2255 motions also applies to the jurisdictional challenge Paradis raises here. *See Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) ("Nothing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period. To the contrary, § 2255(f) explicitly states that the limitations period 'shall apply' to all motions made under § 2255."); *United States v. Patrick*, 264 F. App'x 693, 695–96 (10th Cir. 2008) ("Because he contends that he was convicted without jurisdiction, [petitioner] challenges the validity of his conviction. . . . Accordingly, the district court did not err in characterizing [his] pleading as a § 2255 motion and applying a one-year limitations period to his action."); *United States v. Lancaster*, Nos. 03 Cr. 346(SHS), 13 Civ. 2351(SHS), 2013 WL 3009771, at *1 (S.D.N.Y. June 13, 2013) ("[Petitioner] argues that his motion cannot be time-barred because his principal claim is that this Court lacked subject matter jurisdiction, and 'such jurisdiction can never be Forfeited or Waived.' But a jurisdictional argument does not obviate [petitioner]'s responsibility to meet section 2255's statute of limitations." (citation omitted)).

Paradis's claim premised on lack of subject matter jurisdiction is therefore time-barred.

**D.   Paradis has not demonstrated an actual-innocence claim to permit the Court to consider his time-barred Motion.**

Paradis asserts without elaboration that he is actually innocent of the crime of conviction and therefore the limitations period does not apply to his habeas claims. (Doc. 61 at 2.)

A habeas movant may avoid dismissal of his petition on timeliness grounds upon an adequate showing of "actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 391–95, 398–401 (2013). Although *McQuiggin* involved an exception to the limitations periods in § 2244

8

pertaining to state prisoners, this Court has "assumed that *McQuiggin* applies with equal force to habeas petitions filed by federal prisoners." *United States v. Aguiar*, Crim. Action No. 2:00-cr-119, 2018 WL 10669767, at *9 (D. Vt. Mar. 26, 2018), *report and recommendation adopted*, 2020 WL 1929069 (D. Vt. Apr. 21, 2020).

To invoke the actual-innocence exception to the statute of limitations, the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 569 U.S. at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This "demanding" standard requires a petitioner to present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup*, 513 U.S. at 316). Even "[w]here the defendant pleaded guilty . . . and therefore did not have the evidence in his case evaluated by a jury, the standard nevertheless remains the same." *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 114 (2d Cir. 2000).

In order to proceed with an otherwise untimely petition based upon "actual innocence," the petitioner must present evidence that he is actually innocent of the underlying crime, not merely that the sentencing court committed some technical error. "The Supreme Court, exploring the term 'actual innocence' in the course of determining whether a habeas claim may be entertained despite the applicant's prior default and his inability to make the cause-and-prejudice showing that would excuse the default, has made clear that 'the concept of actual innocence' is 'distinct from the concept of legal innocence.'" *Poindexter v. Nash*, 333 F.3d 372, 380 (2d Cir. 2003) (quoting *Smith v. Murray*, 477 U.S. 527, 537 (1986)); *see also Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (explaining that "'actual innocence' means factual innocence, not mere legal insufficiency"). "In the context of a noncapital case, the concept of

9

'actual innocence' is easy to grasp because it normally means simply that the defendant did not commit the crime." *Poindexter*, 333 F.3d at 380 (internal quotation marks omitted).

The record does not support Paradis's cursory claim of actual innocence. His challenge plainly goes to the purported legal insufficiency of the statutes under which he was convicted, and the asserted lack of jurisdiction over his prosecution. He makes no claim of factual innocence.[6] "Legal insufficiency" is not a basis for an actual-innocence claim. *See Bousley*, 523 U.S. at 623–24. Paradis has presented no "new evidence" indicating that he is actually innocent. *See McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327); *see also United States v. Flower*, Crim. No. 5:14-cr-108-gwc-1, 2019 WL 5957883, at *5 (D. Vt. May 23, 2019) ("Flower presents no evidence suggesting that the actual-innocence exception applies here, let alone evidence showing that it is more likely than not that no reasonable juror would have convicted her.").

Accordingly, the "actual innocence" exception to Paradis's otherwise untimely § 2255 Motion is not available to him.

## IV. The Merits of Paradis's Claims

Courts are not required to consider the merits of a habeas claim where the motion is barred by the statute of limitations. *Nosair v. United States*, 839 F. Supp. 2d 646, 650 (S.D.N.Y. 2012); *Duran v. United States*, Nos. 94 CR. 300(RCC), 00 Civ. 407(RCC), 2002 WL 867864 at *3 (S.D.N.Y. May 3, 2002) ("This Court is precluded from addressing the merits of [petitioner's] . . . claim because his [§ 2255] petition is untimely under the one-year statute of limitations

---

[6] The government presented the facts supporting the charge at the change-of-plea hearing. Paradis pleaded guilty to the charge after the government's factual proffer. (CMECF Entry 35; Doc. 69 at 2.)

10

imposed by the AEDPA."). Nevertheless, as discussed below, Paradis's claims are without merit.

      A.      **The Court properly exercised subject matter jurisdiction over Paradis's prosecution.**

Paradis contends that the court did not have subject matter jurisdiction over his prosecution because: (1) "Vermont is not a territory belonging to the Federal Government" (Doc. 61 at 6); and (2) NSCF, where Paradis was imprisoned at the time of the offense, "is outside the territorial places under the concurrent or exclusive jurisdiction of the Federal Government" (*id.* at 7).

Paradis pleaded guilty "in the District of Vermont" to conspiracy to distribute buprenorphine in violation of federal law, specifically 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C). (Doc. 6 at 1; *see* Doc. 52 at 1.) This Court possesses subject matter jurisdiction over the prosecution of federal offenses. *See United States v. Hartwell*, 448 F.3d 707, 716 (4th Cir. 2006) ("Subject[ ]matter jurisdiction (in the sense of judicial power) over federal criminal prosecutions is conferred on district courts by 18 U.S.C. § 3231."); *United States v. Cotton*, 535 U.S. 625, 630–31 (2002) ("[A] district court 'has jurisdiction of all crimes cognizable under the authority of the United States. . . .'" (quoting *Lamar v. United States*, 240 U.S. 60, 65 (1916))). As a federal criminal statute, the Controlled Substances Act applies to offenses "committed anywhere in the territorial jurisdiction of the United States." *United States v. Ayesh*, 762 F. Supp. 2d 832, 835 (E.D. Va. 2011), *aff'd*, 702 F.3d 162 (4th Cir. 2012). "Jurisdiction is proper if [an] offense, or part of [an] offense, occurred within the United States." *United States v. Moncini*, 882 F.2d 401, 403 (9th Cir. 1989); *see* U.S. Const. art. IV, § 3 (affording power to Congress to "make all needful Rules and Regulations respecting the Territory . . . belonging to the United States"); 18 U.S.C. § 7 (territorial jurisdiction of United States encompasses "[a]ny lands reserved or

acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof"). As the State of Vermont is "within the United States," the Court properly exercised jurisdiction over Paradis's crime in Vermont. The fact that the crime occurred in a Vermont state prison does not place Paradis's conduct beyond the reach of federal criminal law. *See, e.g.*, *United States v. Romain*, No. 13 Cr. 724-1(RWS), 2015 WL 5920020 (S.D.N.Y. Oct. 9, 2015) (corrections officer charged with federal drug crimes for bringing marijuana into New York City's Rikers Island prison for re-sale by inmate).

  **B.**  **The indictment was legally sufficient.**

Paradis contends that the language of the indictment is "insufficient" because it "fails to state a crime against the United States." (Doc. 61 at 11.) But the indictment plainly charges Paradis under the federal Controlled Substances Act with conspiracy to distribute buprenorphine "in the District of Vermont" (Doc. 6 at 1), which is within the territorial jurisdiction of the United States. Moreover, the indictment properly tracks the language of the statute. (*See id.*) *See United States v. Troy*, 618 F.3d 27, 34 (1st Cir. 2010) ("It is common ground that an indictment 'must be a plain, concise, and definite written statement of the essential facts constituting the offense charged.' An indictment that tracks the language of the underlying statute generally suffices to meet this standard . . . ." (quoting Fed. R. Crim. P. 7(c)(1))). Paradis has not demonstrated that the Indictment was legally insufficient.

  **C.**  **The federal Controlled Substances Act does not exceed Congress' authority under the Commerce Clause.**

Paradis contends that the Controlled Substances Act is unconstitutional under the Commerce Clause. (Doc. 61 at 14–15.) He claims that the conduct resulting in his conviction under the Controlled Substances Act was not "commerce" and "never crossed state lines." (Doc. 61 at 15.) This argument finds no support in the law. In enacting the Controlled Substances Act,

Congress made the "specific" and "reasonable" finding that "local narcotics activity substantially affects interstate commerce." *United States v. Walker*, 142 F.3d 103, 111 (2d Cir. 1998). "[T]he Controlled Substances Act concerns an obvious economic activity, drug trafficking," and "Congress was within its power under the Commerce Clause in enacting [the Act]." *Id.*; *see United States v. Genao*, 79 F.3d 1333, 1336 (2d Cir. 1996) (upholding the Controlled Substances Act against a Commerce Clause challenge, and noting that "several other circuits" have done the same). Accordingly, Paradis's Commerce Clause argument is without merit.

**V.     Paradis is not entitled to a hearing.**

The court is required to hold a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Pham v. United States*, 317 F.3d 178, 185 (2d Cir. 2003) (holding that § 2255 does not permit summary dismissals of motions that present facially valid claims). To warrant a hearing, the petitioner's motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact which, if proved at a hearing, would entitle him to relief. *See Machibroda v. United States*, 368 U.S. 487, 495 (1962); *United States v. Aiello*, 814 F.2d 109, 113–14 (2d Cir. 1987). Paradis has not satisfied this standard because his Motion is plainly barred by the statute of limitations governing § 2255 motions. Moreover, his Motion does not set forth specific facts entitling him to relief. Therefore, I recommend that no hearing be held in this matter.

## Conclusion

For these reasons, I recommend that the government's Motion to Dismiss Paradis's § 2255 Motion, as supplemented by its Amended Opposition (Doc. 63) be GRANTED and that

Paradis's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 61) be DENIED.

I further recommend that the Court decline to issue a certificate of appealability, given that Paradis's claims are barred by the one-year statute of limitations. Therefore, the Court is unable to find that "reasonable jurists could debate whether (or, for that matter, agree that) [Paradis's § 2255 Motion] should have been resolved in a different manner or that the issues presented [a]re adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted); *see* 28 U.S.C. § 2253(c)(2) (certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right").

Dated at Burlington, in the District of Vermont, this 6th day of April 2023.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).